**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PARISH OF ASCENSION** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **COREY ORGERON AND BRANDEE ORGERON** | **23-1385-BAJ-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 15, 2024.

                                                          **ERIN WILDER-DOOMES**
                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PARISH OF ASCENSION                                          CIVIL ACTION NO.

VERSUS

COREY ORGERON AND                                            23-1385-BAJ-EWD
BRANDEE ORGERON

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand and for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c), filed by the Parish of Ascension ("Plaintiff").[1] Corey Orgeron and Brandee Orgeron ("Defendants") oppose the Motion.[2] Because Defendants have not established that the case "aris[es] under" federal law within the meaning of 28 U.S.C. § 1331, and because no other basis for subject matter jurisdiction in this Court is apparent, it is recommended[3] that the Motion be granted, remanding this case to Ascension Parish Court, State of Louisiana for lack of subject matter jurisdiction, and awarding to Plaintiff just costs and actual expenses incurred as a result of the removal upon Plaintiff providing additional information.

**I.  BACKGROUND**

This code enforcement action was brought by Plaintiff in Ascension Parish Court, against Defendants, the owners of residential property located in Ascension Parish. Plaintiff's Petition for Preliminary and Permanent Mandatory Injunctions alleges Defendants violated the Ascension Parish Code of Ordinances and the 2015 International Property Maintenance Code by constructing an extension to their home without the required permits and in violation of the required setback

---

[1] R. Doc. 6; *see also* R. Doc. 12 (Reply Memorandum).
[2] R. Doc. 9.
[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

from the property line.[4]  Plaintiff seeks injunctive relief under Louisiana law ordering Defendants to stop all further construction on the property until Defendants obtain the proper permits.[5]

Plaintiff cited La. R.S. 13:1443(D) as the basis for the parish court's jurisdiction over the matter.[6]  Under this provision, parish courts are conferred with concurrent jurisdiction over cases instituted by a parish for injunctive relief for the cessation or abatement of any acts or practices committed within the parish court's territorial jurisdiction that may violate any parish or municipal ordinance.  On August 21, 2023, the parish court set Plaintiff's request for a preliminary injunction for a hearing on September 19, 2023.[7]  After Defendants were served with the Petition, they requested—and were granted—an extension of time until September 25, 2023 to file responsive pleadings.  The parish court re-set the hearing on the preliminary injunction for October 17, 2023.[8]

On September 28, 2023, before the rescheduled injunction hearing in parish court, Defendants removed the case to this Court, claiming federal question subject matter jurisdiction under 28 U.S.C. § 1331. Specifically, Defendants allege that Plaintiff's enforcement action violates their Fourth and Fourteenth Amendment due process rights and confers this Court with original jurisdiction over the case pursuant to 42 U.S.C. § 1983.[9]  Defendants asserted their § 1983 action in a counterclaim that was filed after the case was removed to this Court.[10]

Plaintiff seeks remand, citing Supreme Court authority that it is the *plaintiff's* properly pleaded complaint that governs the jurisdictional determination, and that no federal question is raised in its Petition.[11]  Plaintiff also points to case law indicating that the federal question

---

[4] R. Doc. 1-3, ¶¶ 3-4.
[5] R. Doc. 1-3, ¶¶ 5-7.
[6] R. Doc. 1-3, ¶ 2. *See also* La. Code Civ. P. art. 4841(A), stating, in pertinent part, that the subject matter jurisdiction of parish courts is limited by the amount in dispute and by the nature of the proceeding.
[7] R. Doc. 1-3, p. 4.
[8] R. Doc. 1-3, pp. 8-9.
[9] R. Doc. 1, ¶¶ 1, 4.
[10] *See* R. Doc. 4, ¶¶ 13-20.  Defendants filed their Answer and Reconventional Demand on October 5, 2023.
[11] R. Doc. 6-1, pp. 3-5, citing, *inter alia*, *Caterpillar v. Williams*, 482 U.S. 386 (1987) and *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983).

2

determination must be made based on the plaintiff's complaint as it stands at the time the petition for removal is filed, such that Defendants' post-removal counterclaim asserting the § 1983 action should not be considered.[12] Then, pointing to Supreme Court authority recognizing the concurrent jurisdiction of state and federal courts to adjudicate § 1983 claims, Plaintiff argues that federal law does not completely preempt Plaintiff's state-law claims and suggests the "complete preemption exception" to the well-pleaded complaint rule cannot apply.[13] Finally, Plaintiff seeks an award of costs and attorney's fees under 28 U.S.C. § 1447(c) on grounds that Defendants lacked an objectively reasonable basis to remove the case.[14]

Defendants oppose the Motion, arguing that the parish court where the suit was originally filed lacks subject matter jurisdiction because the suit seeks fines and penalties that exceed the parish court's jurisdictional limits of $20,000.[15] In support of their argument, Defendants cite Louisiana authorities that address the jurisdiction of Louisiana's parish courts and other courts of limited jurisdiction in the state.

## II. LAW AND ANALYSIS

### A. Standard for Removal

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit.[16] The removing party has the burden to establish that federal subject matter jurisdiction exists. Because federal courts have limited jurisdiction, the removal

---

[12] R. Doc. 6-1, p. 4, citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (other citations omitted).
[13] R. Doc. 6-1, p. 5-6, citing *Haywood v. Drown*, 556 U.S. 729, 735 (2009). *See also Richard v. Board of Sup'rs of Louisiana State University & A&M College*, 2006-0927, p. 11 (La. App. 1 Cir. 3/28/07), 960 So.2d 953, 961, citing *Maine v. Thiboutot*, 448 U.S. 1, 3, n. 1 (1980) (recognizing that state courts may exercise jurisdiction over § 1983 cases pursuant to the principle of concurrent jurisdiction).
[14] R. Doc. 6-1, pp. 6-8.
[15] R. Doc. 9, pp. 2-4, citing La. Code Civ. P. art. 4842(A) ("Except as otherwise provided by law, the civil jurisdiction of a parish court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty thousand dollars.").
[16] *See* 28 U.S.C. §1441(a).

statute is strictly construed, and any ambiguities are construed against removal and in favor of remand.[17]

Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."[18] Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint."[19] Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[20] This rule makes the plaintiff the master of the claim; the plaintiff may avoid federal jurisdiction by exclusive reliance on state law.[21] While a federal question may also exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,"[22] the majority of cases brought under general federal question jurisdiction are those in which federal law creates the cause of action.[23]

There is also an independent corollary to the well-pleaded complaint rule known as the "complete preemption" doctrine.[24] Under this exception to the well-pleaded-complaint rule, if federal law is found to "completely preempt" a field of state law, the state law claims in the plaintiff's complaint will be "recharacterized" as stating a federal cause of action.[25] This recharacterization of a state law claim will also make removal proper on the basis of federal question jurisdiction.[26] To fall within the "complete preemption" exception, it is not enough to

---

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).
[18] 28 U.S.C. § 1331.
[19] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).
[20] *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009), quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).
[21] *Caterpillar*, 482 U.S. at 392 (citations omitted).
[22] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008), quoting *Franchise Tax Board*, 463 U.S. at 27-28 (1983).
[23] *Merrell Dow*, 478 U.S. at 808.
[24] *Caterpillar*, 482 U.S. at 393.
[25] *Hart v. Bayer Corp.,* 199 F.3d 239, 244 (5th Cir. 2000), citing *Caterpillar,* 482 U.S. at 393.
[26] *Hart,* 199 F.3d at 244, citing *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999) (overruled on other grounds).

find that federal law "preempts" the state law.[27] For complete preemption, a federal court must find that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum.[28] The Supreme Court has largely limited its finding of "complete preemption" to a handful of federal statutes, the most widely recognized being the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a).[29]

### B. Defendants Have Not Established Federal Question Jurisdiction

Plaintiff filed its Petition in state court, asserting claims against nondiverse parties.[30] Plaintiff requests preliminary and permanent injunctive relief on grounds that Defendants violated Ascension Parish's municipal codes while constructing an extension to their home.[31] The Petition cites a state court decision applying Louisiana law to support the request for injunctive relief.[32] While Defendants oppose remand, their opposition memorandum does not address the rules that govern the federal question jurisdiction determination—either the well-pleaded complaint rule or the complete preemption exception.[33] Applying the well-pleaded complaint rule to the Petition,

---

[27] *Quinn v. Palmer*, No. 18-6999, 2018 WL 6630204, at *4 (E.D. La. Dec. 19, 2018), quoting *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552-53 (6th Cir. 2005) (citations omitted).
[28] *Hart*, 199 F.3d at 244, quoting 14B Wright & Miller, Federal Practice and Procedure § 3722.1 (3d ed. 1998).
[29] *Quinn*, 2018 WL 6630204, at *4, quoting *Palkow*, 431 F.3d at 553 (citations omitted).
[30] R. Doc. 1-3, ¶ 1. The Petition states that Defendants are domiciled in Louisiana and that Plaintiff is a political subdivision of the State of Louisiana. The Supreme Court has held that, for purposes of diversity of citizenship, political subdivisions are citizens of their respective state. *Moor v. Alameda County*, 411 U.S. 693, 717-18 (1973).
[31] R. Doc. 1-3, ¶¶ 5-7.
[32] R. Doc. 1-3, ¶ 5, citing *Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa*, 2004-0270, 2004-0249 (La.App. 1 Cir. 3/24/05), 906 So.2d 660 for the proposition that a party seeking a preliminary injunction does not have to establish irreparable injury when the act sought to be enjoined is unlawful, or when deprivation of a constitutional right is involved.
[33] R. Doc. 9.

5

no federal claim was stated. The lawsuit simply alleges violations of municipal ordinances and asserts state law claims for injunctive relief.[34]

Federal question jurisdiction may also exist if the state law claims fall within the "special and small category" of cases that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[35] To invoke federal question jurisdiction on this basis, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.[36] Here, Defendants contend that Plaintiff violated their due process rights under the Fourth and Fourteenth Amendments of the United States Constitution by "den[ying] the Defendants the mandated procedural actions of appealing [the Parish]'s claims to the Ascension Parish Planning and Zoning Committee and/or the Ascension Parish Board of Adjustments."[37] On this basis, Defendants argue this Court has federal question jurisdiction over the matter pursuant to 42 U.S.C. § 1983.[38] While Defendants' removal petition referenced the §1983 claim they anticipated asserting, they did not actually assert their § 1983 counterclaim until after the case was removed to this Court.[39]

Another court in this Circuit has rejected Defendants' argument that a § 1983 counterclaim can confer federal question jurisdiction. *G&I IX Steeplechase v. Collins*[40] involved a state-court

---

[34] R. Doc. 1-3. *See also Singletary v. Aiken County Code Enforcement Division*, No. 22-4147, 2023 WL 1786264, at *5 (D.S.C. Jan. 5, 2023), report and recommendation adopted, No. 22-4147, 2023 WL 1785751 (D.S.C. Feb.6, 2023) (characterizing the county's injunction action against the plaintiff for violations of municipal codes as a pleading that was "strictly limited to municipal violations and state law claims affecting [Plaintiff's] Property").
[35] *Offshore Service Vessels, L.L.C. v. Surf Subsea, Inc.*, No. 12-1311, 2012 WL 5183557, at *4 (E.D. La. Oct. 17, 2012), citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-14 (2005).
[36] *Venable v. Louisiana Workers' Compensation Corp.*, 740 F.3d 937, 943 (5th Cir. 2013), citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).
[37] R. Doc. 1, ¶¶ 1, 3.
[38] R. Doc. 1, ¶¶ 1, 3-4.
[39] R. Doc. 1, ¶¶ 1, 3-4; R. Doc. 4, ¶¶ 14-18.
[40] *See* No. 23-3358, 2024 WL 98207, at *2-3 (S.D. Tex. Jan. 9, 2024).

6

petition where the sole claims against the defendant were Texas state law causes of action for forcible entry and detainer. The defendant removed the case to federal court, contending she was deprived of her due process rights, giving rise to a § 1983 violation that created federal question jurisdiction over the case. The *G&IX Steeplechase* court rejected the defendant's argument because a defendant cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims and because the plaintiff in the suit sued the defendant solely under a Texas state law.[41]

Like the defendant in *G&I IX Steeplechase*, Defendants here did not establish the existence of any right or immunity created by the Constitution or laws of the United States that constitutes an essential element of *Plaintiff's* code enforcement action.[42] Defendants' reliance on their counterclaim raising a § 1983 action has been explicitly rejected as a means to establish federal question jurisdiction.[43]

Federal question jurisdiction based on Defendants' § 1983 action is also precluded because the jurisdictional determination must be made based on the claims that exist in the state court petition at the time of removal.[44] To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same.[45] As no federal question was presented on the face of Plaintiff's Petition, as those claims existed when the case was removed, this Court does not have federal question jurisdiction under the well-pleaded complaint rule.[46]

---

[41] *Id.*, at *3, citing *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550-51 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").
[42] *See G&I IX Steeplechase*, 2024 WL 98207, at *2, citing *Venable*, 740 F.3d at 943 (quotation omitted).
[43] *Holmes Group, Inc.*, 535 U.S. at 831 (citations omitted).
[44] *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[45] *Metro Ford Truck,* 145 F.3d at 327.
[46] *See Holmes Group,* 535 U.S. at 831 (citation omitted).

The "complete preemption" exception to the well-pleaded complaint rule also does not confer federal question jurisdiction in this case. This exception applies where a federal statute wholly displaces the state law cause of action.[47] In their opposition to remand, Defendants did not address any of the legal standards that govern the federal question jurisdiction determination, including the "complete preemption" exception. Even if they had, the argument would fail because the "complete preemption" exception does not apply to § 1983 claims as "nothing in the history of that legislation suggests Congress intended to preempt the civil rights area."[48] The Supreme Court has also explicitly recognized that state courts are entrusted with providing a forum for the vindication of rights violated by state or local officials acting under color of state law and possess concurrent jurisdiction with federal courts over §1983 claims, such as those asserted by Defendants in their counterclaim.[49] These authorities demonstrate that the "complete preemption" exception does not apply merely because a §1983 claim has been raised.

Defendants fail to show that Plaintiff's suit "arises under" federal law. Instead, Defendants ask the Court to focus its inquiry on whether the Louisiana parish court—the original venue for this suit—possesses subject matter jurisdiction over the claims raised in the litigation, arguing that "this Honorable Court, by way of ORGERON's reconventional demand, is the only one of the two Courts involved that holds subject matter jurisdiction over the issues at dispute."[50] Defendants

---

[47] *Beneficial Nat. Bank. v. Anderson*, 539 U.S. 1, 8 (2003).
[48] *See e.g., Spann v. Bogalusa City Police Department*, No. 20-2780, 2021 WL 1311265, at *3 (E.D. La. April 8, 2021), quoting *In re Alberta*, Nos. 14-1910, 14-1911, 14-1912, 14-1913, 2014 WL 5782820, at *4, n. 12 (E.D. La. Nov. 6, 2014) (citation omitted).
[49] *See Haywood*, 556 U.S. at 735 (citation omitted).
[50] R. Doc. 9, p. 7. While Defendants contend the parish court lacks subject matter jurisdiction over Plaintiff's suit because the fines Plaintiff seeks to levy exceed court's $20,000 jurisdictional limit, Defendants do not address the statutory provision Plaintiff cites as its basis for filing suit in the parish court, La. R. S. 13:1443(D). R. Doc. 9, p. 3 and R. Doc. 1-3, ¶ 2. Under La. R.S. 13:1443(D), a parish court has concurrent jurisdiction with the district court in cases or proceedings instituted by a parish for injunctive relief or other civil relief for the cessation or abatement of any acts or practices committed within the parish court's territorial jurisdiction which may violate any parish or municipal ordinance—*irrespective of the amount in dispute or the value of the property involved*. So, while this Court need not consider whether the Louisiana parish court would have subject matter jurisdiction over the case because that

contend Plaintiff's decision to file suit in the parish court "willfully disregards the limited subject matter jurisdiction of said court."[51]

This argument demonstrates a fundamental misunderstanding of the applicable law, beginning with the failure to recognize that *this* Court--the court to which Defendants removed the case--is a court of limited jurisdiction.[52] Accordingly, this Court must presume that a suit lies outside its jurisdiction, and the burden of establishing federal jurisdiction rests on Defendants as the parties seeking removal.[53] When this Court lacks subject matter jurisdiction, a case cannot proceed here and must be remanded.[54]

Defendants fail to establish a basis to remove the case under 28 U.S.C. § 1331. While they ask this Court to refuse Plaintiff's request for remand on grounds the parish court lacks subject matter jurisdiction, this argument (which also appears to be incorrect) lacks any relevance to the only proper issue before the Court, which is whether Defendants have satisfied their burden of showing that federal jurisdiction exists here such that removal was proper.[55] As Defendants have failed to establish this Court's subject matter jurisdiction, the case must be remanded.

### C. Plaintiff is Entitled to an Award of Just Costs and Actual Expenses Because Defendants Did Not Have an Objectively Reasonable Basis for Removal.

Plaintiff also seeks to recover the just costs and actual expenses, including attorney's fees, incurred in filing the Motion to Remand.[56] According to 28 U.S.C. §1447(c), an order remanding

---

question is not relevant to the inquiry of whether *this* Court has subject matter jurisdiction, it does appear as though Plaintiff had a statutory basis to file the code enforcement action in the parish court. Additionally, even if Defendants are correct that the fines sought in this suit exceed the jurisdictional authority of the parish court, La. Code Civ. P. art. 4841(C) provides, as to the subject matter jurisdiction of parish courts, that "[i]f the demand asserted in the pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction."
[51] R. Doc. 9, p. 7.
[52] *St. Luke #2, LLC v. Hermes Health Alliance, LLC*, No. 22-1723, 644 F.Supp.3d 289, 292-93 (E.D. La. Dec. 8, 2022), citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).
[53] *St. Luke #2*, 644 F.Supp.3d at 293, citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (quotation omitted).
[54] *See Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[55] *Manguno,* 276 F.3d at 723 (citations omitted).
[56] R. Doc. 6, p. 1.

9

a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Absent unusual circumstances, a court may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.[57] The purpose of assessing costs and fees on remand is to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.[58]

Defendants' removal of this case was not objectively reasonable. For over a century, the existence of federal question jurisdiction has turned on the application of the well-pleaded complaint rule.[59] Yet Defendants did not even mention the well-pleaded complaint rule in their removal petition or in opposition to the Motion to Remand.[60] By arguing that their § 1983 counterclaim invoked the Court's federal question jurisdiction, Defendants took a position directly at odds with a Supreme Court ruling that is over twenty years old.[61] When the Fifth Circuit was confronted with a defendant's similar argument that a counterclaim could provide the basis for "arising under" jurisdiction, the Court found no objectively reasonable basis for removal "in the face of such precedent."[62] Finally, Defendants argued against remand by citing the limited jurisdiction of Louisiana's parish courts, while failing to acknowledge the limited jurisdiction of *this* Court.[63] In short, Defendants supported their removal by making arguments that lacked any basis in the applicable law.

---

[57] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).
[58] *Id.*
[59] *See Caterpillar,* 482 U.S. at 391-92 (1987) (citation omitted).
[60] R. Docs. 1 and 9.
[61] *See Holmes Group*, 535 U.S. at 831 (citations omitted).
[62] *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 697-98 (5th Cir. 2017) ("*Holmes Group* [535 U.S. 826] and *Vaden* [556 U.S. 49] extinguished any possibility that a counterclaim can establish federal question jurisdiction. Our own case law is in agreement...In the face of such precedent, Renegade Swish lacked an objectively reasonable basis to seek removal").
[63] *St. Luke #2*, 644 F.Supp.3d at 292-93, citing *Kokkonen*, 511 U.S. at 377.

The Court also cannot ignore the fact that Defendants filed their removal petition less than three weeks before the parish court was set to hear Plaintiff's request for a preliminary injunction that sought to enjoin construction on Defendants' property. Defendants' improvident removal of this case resulted in a significant delay of that hearing before the parish court—a delay from which Defendants stood to benefit. Under these circumstances, removal of this case was not objectively reasonable and an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal, is warranted.[64] However, as Plaintiff has not quantified its "just costs" or provided evidence of "any actual expenses, including attorney fees," it is recommended that the award be made after supporting evidence is submitted by Plaintiff, which should be provided during the fourteen-day period for filing objections to this Report and Recommendation.[65]

### III.   RECOMMENDATION

Based on the record now before the Court, Defendants have failed to meet their burden of proving the existence of federal subject matter jurisdiction. Plaintiff's state court Petition does not contain claims that "arise under" federal law and no exception to the well-pleaded complaint rule has been shown, nor has any other basis for federal subject matter jurisdiction been identified, such that remand is warranted. Further, because Defendants' removal lacked any objectively reasonable basis, Plaintiff is entitled to an award of the costs incurred as a result of removal, including attorney's fees, upon Plaintiff providing sufficient information to support the award.

Accordingly,

---

[64] It should be noted that, while this suit was removed by Defendants in proper person, Corey Orgeron is an attorney (Louisiana State Bar Roll Number 20316), who has represented parties in dozens of cases in this Court since he was admitted to practice here in 1993. He was suspended from practice by this Court on June 14, 2023, but was readmitted on October 2, 2023 (*In re: Corey J. Orgeron*, Case No. 23-mc-103)—just days after the case was removed—although he is not currently permitted to practice here due to outstanding triennial fees.

[65] *See, e.g., National Credit Union Administration Bd. v. Heard McElroy & Vestal LLC*, No. 21-1081, 2021 WL 2944891, at *5 (W.D. La. June 28, 2021), report and recommendation adopted, No. 21-1081, 2021 WL 2942524 (W.D. La. July 13, 2021).

11

**IT IS RECOMMENDED** that the Motion to Remand,[66] filed by Plaintiff Parish of Ascension, be **GRANTED,** remanding this matter to the Ascension Parish Court, State of Louisiana, for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Parish of Ascension's request for just costs and actual expenses, including attorney's fees, incurred as a result of filing the Motion to Remand be **GRANTED.** By no later than **July 29, 2024**, the Parish of Ascension should provide a supplemental memorandum and supporting evidence to quantify the amounts sought, including attorney's fees, incurred as a result of the removal.

Signed in Baton Rouge, Louisiana, on July 15, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[66] R. Doc. 6.