UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PARISH OF ASCENSION                                         CIVIL ACTION

VERSUS

COREY ORGERON, ET AL.                                NO. 23-01385-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff's **Motion To Remand And For Attorney's Fees (Doc. 6, the "Motion")**. On September 28, 2023, Defendants removed this code-enforcement action to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, alleging the existence of federal question jurisdiction. (Doc. 1). On October 20, 2023, Plaintiff filed the present Motion. The Magistrate Judge has now issued a **Report and Recommendation (Doc. 13, the "Report")**, recommending that Plaintiff's Motion be granted, that this matter be remanded to the Ascension Parish Court for lack of subject matter jurisdiction, and that Plaintiff be awarded attorney's fees and costs. Defendants have filed an objection to the Report, which mischaracterizes its content and the relevant law. (Doc. 14).

Now, upon de novo review and having carefully considered the Report, Defendants' Objection, the Motion, and all other related filings, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

In compliance with the Report's suggestion that Plaintiff provide the Court with evidence of the actual expenses occurred in bringing the Motion, Plaintiff has

1

filed a supplemental memorandum. (Doc. 15). This memorandum provides that counsel for Plaintiff billed 23.90 hours to this matter at a rate of $225.00 per hour, and incurred $12.20 in court fees. (Docs 15, 15-1). An affidavit from counsel for Plaintiff attesting to these figures was provided, along with a detailed itemization of hours billed. (Doc. 15-1).

It is the Court's duty to determine that any award of attorney's fees is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts generally perform this duty by first examining whether the hourly rate adopted by prevailing counsel was reasonable, and second by analyzing whether the prevailing attorney expended a reasonable number of hours in litigating the matter. *Id.* The Court finds that an hourly rate of $225.00 is not only reasonable, but well below market rate in this district. *See, e.g., Capitol City Produce Co. v. Sammy's Holdings, L.L.C.*, 2020 WL 6938814, at *9 (M.D. La. Nov. 25, 2020) (approving hourly rates of $425, $400, and $300); *Campbell v. Verma Sys., Inc.*, No. CV 21-272-BAJ-RLB, 2022 WL 879497 (M.D. La. Mar. 23, 2022) (approving an hourly rate of $375). The Court further finds that counsel for Plaintiff have adequately supported their assertions as to the hours billed to this matter and as to the reasonableness of such efforts. The Court will therefore adopt Plaintiff's proposed lodestar calculation of $5,307.20 as a reasonably incurred and well-supported sum of costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion To Remand And For Attorney's Fees (Doc. 6)** be and is hereby **GRANTED**.

Ascension Parish 23 JDC

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned action be and is hereby immediately **REMANDED** to the Ascension Parish Court.

**IT IS FURTHER ORDERED** that Defendants shall pay Plaintiff's costs and expenses in the amount of $12.20, and shall pay Plaintiff's reasonable attorney's fees in the amount of $5,295.00.

Baton Rouge, Louisiana, this 28th day of August, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**